Action by T.N. Russ against the Palatine Insurance Company, Limited, to recover under a policy issued by defendant for loss to plaintiff's truck by fire. Judgment for plaintiff, and defendant appeals.
Affirmed.
In July 1947, appellee secured a policy of insurance from appellant for one year's coverage on a fleet of motor vehicles against fire, theft and collision. It contained the following provision for cancellation:
"This policy may be canceled by the insured by surrender
thereof or by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be canceled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective."
March 18, 1948, after considerable discussion about cancellation, appellee mailed the policy to appellant without any instruction as to date cancellation be made effective. About 2:30 A.M. March 19, 1948, one of appellee's trucks covered by the policy was burned. The policy reached appellant by mail between five and six A.M. March 19, 1948. At 2:12 P.M. the same date appellee advised appellant by wire that the policy was in the mail for cancellation, effective March 22, 1948, as per policy terms. Appellant *Page 446 
was promptly advised of the loss, but on March 22, 1948, sent appellee a refund of the unearned premium and notified him that the policy was canceled prior to destruction of his truck.
Appellee filed proof of his loss and on July 20, 1948, tendered his declaration in one count. A demurrer to the declaration was overruled and pleas were filed denying the promise as alleged and in addition thereto, alleging that the policy had been canceled and was not in force when the loss occurred. The case was tried on the issues so made and at the close of plaintiff's testimony defendant moved for a directed verdict. This motion was denied and the jury returned a verdict for the plaintiff. Motion for new trial was overruled and final judgment was entered for the plaintiff. This appeal was prosecuted to the final judgment.
The point for determination is whether or not the policy was in force when appellee's truck was destroyed.
Appellant contends that since it had made demand for surrender of the policy for cancellation, that such a demand was tantamount to an offer to cancel, and that it was accepted by appellee when the policy was placed in the mails for transmittal to the insurer. Appellant also contends that under the common law, when an acceptance by mail is authorized, it becomes effective immediately upon being deposited in the mail, properly stamped and addressed for delivery to the insurer or demandant. It is alleged that the common-law rule, not having been repealed by statute, controls this case.
It would be fine for the insurer if the matter was that simple, but the quoted provision of the policy provides how it may be canceled and the insured as well as the insurer is given a voice in this. If what is alleged to be the common-law rule is in effect in this State, it was succeeded in this case by the terms of the policy. The evidence shows that there was no intention on the insured's part to cancel until new insurance was secured.
There is no evidence showing that the parties understood that the policy was canceled as of the date it was placed in the mail and all the inferences that may be reasonably drawn from the evidence are to the contrary. We have examined the cases relied on by appellant but they involve straight offers and acceptances and do not rule a case like this, where negotiations for cancellation were shuttled back and forth and no date for cancellation was agreed on.
In the state of the evidence there was no theory under which the court could have directed a verdict for the defendant. The question before the jury was that of cancellation by mutual agreement and the evidence shows that no such agreement was made. The policy was in the mail at the time of the loss. Appellee is entitled to the presumption that it was in effect and we so hold.
The judgment appealed from is therefore affirmed.
Affirmed.
ADAMS, C.J., and CHAPMAN, SEBRING, BARNS and HOBSON, JJ., concur.
THOMAS, J., agrees to the conclusion.